IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 30 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00051-ZLW

SHANE BURDEN,

    Plaintiff,

v.

DRDC WARDEN, Under Color State Law Offical [sic] Capacity, and
ATTORNEY GENRAL [sic], Under Color State Law Offical [sic] Capacty [sic],

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the "Objection of Order of Judgement [sic] of Dismissal" filed by Plaintiff Shane Burden, on March 10, 2006, in which he challenges the March 3, 2006, dismissal of the instant action.

Mr. Burden is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Huerfano County Correctional Facility in Walsenburg, Colorado. On December 30, 2005, Mr. Burden submitted to the Court a *pro se* Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court reviewed the Complaint and, on March 3, 2006, dismissed the Complaint and action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The March 3, 2006, Order dismissed the Complaint and action as legally frivolous pursuant to § 1915(e)(2)(B)(i). The instant Objection was filed on March 10, 2006. Plaintiff has filed the Objection within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the Objection is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

Upon consideration of the entire file, the Court finds and concludes that Mr. Burden fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss the action. In the March 3, 2006, Order and Judgment of Dismissal, the Court found that with respect to the theft of Plaintiff's manilla folders he has available an adequate postdeprivation remedy, which provides a meaningful remedy. The Court further found that simply because no one responded to his kite regarding the theft, Plaintiff was not denied a meaningful remedy to grieve the theft.

In the instant Motion, Plaintiff now asserts that his kite was stolen, and that because the kite was stolen he was unable to obtain a grievance form to proceed with the formal grievance procedure. Again, Plaintiff fails to assert the lack of a meaningful remedy. Even if the Court were to consider the newly alleged claim regarding Plaintiff's inability to obtain a grievance form, Plaintiff does not assert that he questioned the disappearance of the kite regarding the theft or that he attempted a second time to obtain a grievance form but was denied.

It also appears that Plaintiff does not understand the DOC procedure for filing a grievance. Upon review of the of DOC Administrative Regulation 850-04, the Court finds that to initiate a grievance an inmate files a Step I grievance with his case manager. Under AR 850-04, there is no reference to an informal grievance procedure like Plaintiff refers to in the Motion.

Mr. Burden also attempts to assert an access to the courts claim in the Motion. The claim lacks merit. Therefore, the Motion to Reconsider will be denied. Accordingly, it is

ORDERED that the Objection filed with the Court on March 10, 2006, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 29 day of March, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-00051-BNB

Shane Burden
Prisoner No. 62763
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   3-30-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk